McCORD, Judge.
Duval County School Board appeals an order of the Public Employees Relations Commission (PERC) which, in response to a petition for declaratory statement, answered the following question in the affirmative:
Does Section 447.401, Florida Statutes, require that the certified bargaining agent be permitted to file and process grievances involving the interpretation or application of a collective bargaining agreement in its own name?
We find that § 447.401, Florida Statutes (1979), does not restrict the union’s participation as a party to grievance procedures. Furthermore, the statute does not lend itself to the interpretation that the requirement to negotiate grievance procedures includes a requirement that the union also negotiate whether or not it may file or process grievances in its own name. The union, through the grievance procedure, may police the collective bargaining agreement which it has negotiated. Therefore, on the narrow issues presented and briefed, we affirm.
To the extent appellee relies on Heath v. School Board of Orange County, 5 FPER § 10074 (1979), to support the result here, we caution that we do not rule on the validity of the majority opinion there. We find the dissenting opinion in that case very persuasive. Specifically, we do not rule here that the union is the exclusive bargaining agent for all employees involved in grievance procedures. Section 447.301(4) provides:
Nothing in this part shall be construed to prevent any public employee from presenting, at any time, his own grievances, in person or by legal counsel, to his public employer and having such grievances adjusted without the intervention of the bargaining agent, if the adjustment is not inconsistent with the terms of the collective bargaining agreement then in effect and if the bargaining agent has been given reasonable opportunity to be present at any meeting called for the resolution of such grievances.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.